NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| AMSALE GIZAW, | **Hon. Dennis M. Cavanaugh** |
| Petitioner, | **OPINION** |
| v. | Civil Action No. 09-CV-0051 (DMC) |
| DEPARTMENT OF HOMELAND SECURITY, and THE UNITED STATES CITIZENSHIP & IMMIGRANT SERVICES, | |
| Respondents. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Respondents, Department of Homeland Security and the United States Citizenship & Immigrant Services, to dismiss Petitioner's complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(3). Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After considering the submissions of the parties, and based upon the following, it is the decision of this Court for the reasons herein expressed that Respondents' motion to dismiss is **denied**.

**I.   BACKGROUND**

Amsale Gizaw ("Petitioner") filed a complaint in this Court against the Department of Homeland Security ("DHS") and the United States Citizenship & Immigrant Services ("USCIS") (collectively "Respondents") on January 2, 2009. Petitioner therein requests that this Court compel Respondents to adjudicate her status application and direct that Petitioner immediately be granted

permanent resident status.

Petitioner was granted political asylum on October 28, 2002 by the Immigration and Naturalization Service's Asylum Office in Arlington, Virginia. On December 5, 2003, Petitioner filed a status adjustment application (1-485 form) with the USCIS. On October 25, 2006, Petitioner's case was transferred from Lincoln, Nebraska to Dallas, Texas. Petitioner's application for permanent resident status has been pending for over five years. Petitioner is permitted to work as long as she remains in asylee status and has been issued employment authorization documents to that effect in the years of 2003 and 2004. Petitioner has also been issued a travel document, valid for one year, in the years 2005, 2006 and 2008. Genize Walker, a Supervisory Immigration Services Officer in Texas Service Center, alleges that "as of the date of this declaration, USCIS is not in a position to favorably adjudicate [Petitioner's] status application."

## II.    STANDARD OF REVIEW

"Federal courts have limited jurisdiction and are permitted to adjudicate cases and controversies only as permitted under Article III of the Constitution." See U.S. Const. art. III, § 2; see also Philadelphia Federation of Teachers v. Ridge, 150 F.3d 319, 323 (1998). "Unless affirmatively demonstrated, a Federal court is presumed to lack subject matter jurisdiction." Ridge, 150 F.3d at 323. A federal court has broad power to decide whether it has jurisdiction to hear a case and may make factual findings which are decisive to the issue of jurisdiction. Cohen v. Kurtzman, 45 F. Supp. 2d 423, 429 (D.N.J. 1999).

Pursuant to Fed. R. Civ. P. 12(h)(3) subject matter jurisdiction can never be waived, and the absence of subject matter jurisdiction requires dismissal of the action. In re School Asbestos Litigation, 921 F.2d 1310, 1316 (3d Cir. 1990). In addressing a motion to dismiss under Fed. R. Civ.

P. 12(b)(1), the Third Circuit Court of Appeals cautions against reaching the merits of the underlying claims. Gould Elecs., Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000). There is a distinction between a 12(b)(1) motion that attacks a complaint on its face and a 12(b)(1) motion that attacks the existence of subject matter jurisdiction. Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884 While a facial attack permits the court to consider the allegations of the complaint as true, a factual attack, challenging subject matter jurisdiction, precludes a court from attaching presumptive truthfulness to the complaint. Id. "The [Petitioner] has the burden of persuasion to convince the court it has jurisdiction" pursuant to Fed. R. Civ. P. 12(b)(1). Id. However, in a "factual attack under 12(b)(1), the court may consider and weigh evidence outside the pleadings to determine if it has jurisdiction." Id.

### III. DISCUSSION

A.   Subject Matter Jurisdiction

Respondents contend that this Court does not have subject matter jurisdiction over the present matter because the adjudication of a status adjustment application is committed to the sole discretion of the Attorney General. By contrast, Petitioner asserts that subject matter jurisdiction in this Court is proper pursuant to the mandamus statute and federal question jurisdiction, 28 U.S.C. §§ 1361 and 1331, respectively; and in conjunction with the Administrative Procedures Act ("APA"), sections 5 U.S.C. §§ 555(b) and 706(1).

   *I.   Mandamus Act 28 U.S.C. § 1361*

Notably, the Third Circuit has not yet adopted a position with respect to whether 28 U.S.C. § 1361 confers subject matter jurisdiction upon district courts to review a claimed failure or delay of adjudication of a status adjustment application; and binding precedent, therefore, does not exist

3

in this jurisdiction. The APA requires that "within a reasonable time, each agency shall proceed to conclude a matter presented to it." Pool v. Gonzales, 2007 U.S. Dist. LEXIS 39946, at *7 (D.N.J. June 1, 2007). Despite a requirement that applications for status adjustment be adjudicated within a reasonable time, other courts have concluded that any action regarding the adjustment of status is entirely discretionary. Compare Keane v. Chertoff, 419 F. Supp. 2d 597, 599-600 (S.D.N.Y. 2006).

This Court has previously held a "non-discretionary duty to process or adjudicate an adjustment application" exists "and that this duty supports a mandamus action." Xu v. Chertoff, 2007 U.S. Dist. LEXIS 50027, at *4 (D.N.J. July 10, 2007). Similarly, the court in Song v. Klapakas, endorsed the view that "even though the actual decision to grant or deny an application for adjustment is discretionary, USCIS has a non-discretionary duty to act on applications within a reasonable time." 2007 U.S. Dist. LEXIS 27203, at *9-10 (E.D. Pa. Apr. 12, 2007); See Paunescu v. INS, 76 F. Supp. 2d 896, 901 (N.D. Ill. 1999).

Respondents propose that there is neither a "mandatory or ministerial obligation to adjudicate the application within a particular time frame" nor a "clear, mandatory duty to adjudicate Petitioner's application at any time." (Br. at 12-13). "The APA requires that '[w]ithin a reasonable time, each agency shall proceed to conclude a matter presented to it.'" Pool, 2007 U.S. Dist. LEXIS, at *7 (citing 5 U.S.C. § 555). "A reviewing court has the power to 'compel agency action unlawfully withheld or unreasonably delayed.'" Id. (citing 5 U.S.C. § 706(1); see Song, 2007 U.S. Dist. LEXIS, at *10). However, the power to compel is limited to either ministerial or non-discretionary actions. Id. (citing Vermont Yankee Nuclear Power Corp. v. Nat'l Res. Defense Counsel, 435 U.S. 519, 546 (1978)). Although this Court concludes that the ultimate disposition as to whether or not to award permanent resident status to an asylee falls within the discretion of the Attorney General, such

discretion is subject to an affirmative, non-discretionary duty to adjudicate status applications within a reasonable time. Therefore, Respondents' motion to dismiss for lack of subject matter jurisdiction under 28 U.S.C. § 1361 is denied.

  *ii. Immigration and Nationality Act*

  The Immigration and Nationality Act, 8 U.S.C. § 1255, governing the adjudication of status adjustment applications, vests the Attorney General with broad discretion. Pool, 2007 U.S. Dist. LEXIS, at *3-4. At the same time, 8 U.S.C. § 1252(a)(2)(B) limits the authority conferred upon the Attorney General to discretionary decisions or conduct. Respondents contend that Petitioner's request to compel adjudication of a status adjustment application is subject to the broad discretion conferred upon the Attorney General, and that, therefore, any form of judicial review is foreclosed by 8 U.S.C. § 1252(a)(2)(B)(ii). Subsection (a)(2)(B) pertains to denials of discretionary relief and proscribes judicial review of any judgment, decision or action subject to the discretionary authority of the Attorney General or Secretary of Homeland Security. 8 U.S.C. § 1252. While "federal courts may not review a decision by the U.S.C.I.S. to approve or deny an application . . the obligation of the U.S.C.I.S. to process applications is not discretionary and is reviewable by this Court." Xu, 2007 U.S. Dist. LEXIS, at *10; Compare Serrano v. Quarantillo, 2007 U.S. Dist. LEXIS 25310 (D.N.J. Apr. 9, 2007) (finding the court did not have jurisdiction to review the actions or inactions of the Attorney General because 8 U.S.C. § 1255 confers complete discretion).

  Although this Court heeds the warning that applicants should not be permitted to use the federal court as a vehicle to expedite the status application process, this Court is reluctant to adopt a blanket prohibition that may effectively deprive a party of any relief whatsoever. Rather, this Court approves of the view that "the Government simply does not possess unfettered discretion to relegate

aliens to a state of 'limbo,' leaving them to languish there indefinitely[;]" such a "result is explicitly foreclosed by the APA." Xu, 2007 U.S. Dist. LEXIS, at *10. Recognizing that the APA imposes an affirmative, non-discretionary duty to adjudicate applications within a reasonable time, this Court concludes that 8 U.S.C. 1252(a)(2)(B)(ii) does not proscribe judicial review of failure or unwarranted delay of adjudication of a status application.[1] As a result, a federal question arises pursuant to the APA and Immigration and Nationality Act; and Respondents motion to dismiss for lack of subject matter jurisdiction on this ground is, therefore, denied.

B.   Ripeness

Respondents also argue that Petitioner's claim should be dismissed as unripe because the agency has not yet issued a decision regarding Petitioner's status application, and as a result, Petitioner has not suffered any injury. "Determining whether an administrative action is ripe for judicial review requires [a court] to evaluate (1) the fitness of the issues for judicial decision and (2) the hardship to the parties of withholding court consideration." Nat'l Park Hospitality Ass'n v. DOI, 538 U.S. 803, 808 (2003) (citing Abbott Labs. v. Gardner, 387 U.S. 136, 149 (1967). "Absent [a statutory provision providing for immediate judicial review], a regulation is not ordinarily considered the type of agency action 'ripe' for judicial review under the [APA] until the scope of the controversy has been reduced to more manageable proportions, and its factual components fleshed out, by some concrete action applying the regulation to the claimant's situation in a fashion that harms or threatens harm to him." Id. "Some statutes permit broad regulations to serve as the "agency action," and thus to be the object of judicial review directly, even before the concrete effects normally required for

---

[1] Respondents propose that jurisdiction pursuant to the APA is improper because the APA does not permit judicial review where an "agency action is committed to discretion by law." 5 U.S.C. § 701(a)(2). This is acknowledged, but not relevant given that the Court recognizes an affirmative duty to adjudicate applications.

6

APA review are felt." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 891 (1990).

This Court interprets inaction as conduct. In this case, the failure to adjudicate a status adjustment application where the Court recognizes an affirmative, non-discretionary duty to adjudicate such applications within a reasonable time will not preclude review by this Court for lack of ripeness.[2] A different reading permits indefinite delay in the adjudication of status adjustment applications and effectively, creates an immunity from suit for the Attorney General.

**IV. CONCLUSION**

For the foregoing reasons, Respondents' motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(3) is **denied**.

                                        S/ Dennis M. Cavanaugh
                                        Dennis M. Cavanaugh, U.S.D.J.

Dated:      October 27, 2009
Original:    Clerk
cc:         All Counsel of Record
           Hon. Mark Falk, U.S.M.J.
           File

---

[2] Petitioner does not appear to assert a claim on the grounds of substantive due process, therefore, Respondents' arguments in opposition to such a position will not be considered at this time.